BUTLER v. ALTER et al.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

GOOD WILL (§ 7*)—SALE OF ESTABLISHED BUSINESS—FRAUD—EVIDENCE.

In an action on a note, evidence *held* to show that defendants were induced to make such note through the false and fraudulent representations of the plaintiffs that a certain restaurant, for which it was given, would pay the owner $200 a month profit, so that judgment for plaintiff thereon was erroneous.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 6–9; Dec. Dig. § 7.*]

Appeal from City Court of New York, Trial Term.

Action by John R. Butler against Charles Alter and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

David M. Neuberger, of New York City (Louis Lowenstein, of New York City, of counsel), for appellants.

Simpson & Simpson, of New York City (Edwin M. Simpson, of New York City, of counsel), for respondent.

LEHMAN, J.   The plaintiff sues upon a note made by the defendant Alter, indorsed for Alter's accommodation by the defendant Pike, and delivered so indorsed to one Norris, who, after maturity, indorsed and delivered it without recourse to the plaintiff. The defense is that the notes were given in part payment for the purchase by Alter of a restaurant business owned by the plaintiff; that the plaintiff, for the purpose of inducing Alter to buy the business and of inducing Pike to indorse the notes, represented that the business was then on a paying basis, and was then and had been theretofore yielding a net profit of $200 monthly over and above all expenses and disbursements; that the business owed no money for merchandise, debts, or for rents, and all fixtures, utensils, implements, and chattels therein contained belonged to the plaintiff and were free from all liens; and that all rent for said premises had been fully paid. The defendants at the trial proved fully the making of these representations. They showed that these representations were made with intent that they should be relied upon, and that in fact they were relied upon. They showed, further, that Alter could not make the restaurant pay, and was dispossessed by the sheriff because of his inability to pay his obligations. They further showed that, when they charged the plaintiff with misrepresentations, he answered:

"I told you no such thing. The place was a losing proposition, always had been a losing proposition, and that is why I sold it to you. If it would not have been a losing proposition, I would not have sold it to you."

The plaintiff put in no evidence, but moved for the direction of a verdict, and the trial justice granted his motion. I think that this was error. I have no doubt but that the defendants fully showed that the representations were made, that they were made as statements of fact and not of opinion, and that they were intended to be relied upon. I think that they also proved their falsity. I do not see in what way the defendants could better prove that the business was not a paying business, and did not pay the owner $200 a month profit, than by the admission by the owner that the business had always been a losing business.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.